IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MILANOVICH, | CV 19–55–BU–DWM |
| Plaintiff, | |
| v. | OPINION and ORDER |
| QUANTPOST, INC., a Foreign Profit Corporation, and LESTER W. DYE, individually, | |
| Defendants. | |

This action arises out of a dispute between Plaintiff John Milanovich and Defendant Quantpost, Inc. and its CEO, Lester Dye, over the termination of Milanovich's employment.  (Docs. 1, 61.)  Milanovich's current claims include: a wage claim, a breach of contract claim related to his stock option agreements, a wrongful termination claim, and a promissory estoppel claim.  (*See* Doc. 61.)  In the present motion, Quantpost seeks to compel Milanovich to provide specific discovery responses.[1]  (Doc. 69.)  That motion is granted in large part.

## ANALYSIS

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  If a party fails

---

[1] Milanovich's response brief was filed a day late.  (*See* Doc. 72 at 2.)

to disclose requested information, the requesting party may move to compel the opposing party to produce the requested discovery materials. Fed. R. Civ. P. 37(a)(1). Specifically, a party's failure to answer an interrogatory or to respond to a request for production is grounds for obtaining an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(B). Based on the liberal discovery policies of the Federal Rules of Civil Procedure, a party opposing discovery carries the "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In ruling on a motion to compel, "[b]road discretion is vested in the trial court to permit or deny discovery[.]" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Quantpost seeks to compel discovery in five areas.

## I.   Damages

### A.   Computation

In its Interrogatory No. 11, Quantpost requests disclosure of the nature and amount of damages sought. (*See* Doc. 68-1 at 16.) In response, Milanovich generally states that "Plaintiff does not yet have all of the information it needs to calculate his damages," but then lists the following:

> 1. Unpaid wages of $25,000.00, plus a 100% penalty for Quantpost's failure to pay wages. Milanovich does not have sufficient information to know whether he earned commissions that were not paid.
>
> 2. The value of Milanovich's Stock Options, plus a 100% penalty for Quantpost's illegal termination of the Option contracts.
>
> 3. $51,500.00 in wrongful discharge damages. Milanovich found

2

comparable work a year after he was terminated, and earned $8,500 in consulting fees during the first year after he was terminated.

4.  Loss of equity interest in [Quantpost-Chicago] – to be determined.

(*Id.*)  Quantpost no longer disputes the information regarding (3), (*see* Doc. 73 at 4), but argues that it is entitled to a complete damage computation and explanation for the remaining items.  Milanovich maintains that he does not have the necessary information to calculate the value of his stock options or his equity interest.

Milanovich's position is not persuasive for a number of reasons.  First, as part of its initial disclosure, a party is required to provide:

> a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii).  Second, the Local Rules require that a party specifically provide a computation in its pretrial statement.  *See* L.R. 16.2(b)(1)(E).  Finally, a party is entitled to request a full computation of the damages and the materials bearing on the nature and extent of those damages as part of discovery.  *See* Fed. R. Civ. P. 26(b)(1).  While the parties dispute the "when" and "how" of Quantpost's stock option valuation, those disputes do not obviate Milanovich's obligation to assign a value to his claims.  To the contrary, his failure to do so directly contravenes the Federal Rules and the Local Rules of this Court.

3

Pursuant to Rule 37(a)(4), Milanovich's "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Sanctions are therefore appropriate. *See* Fed. R. Civ. P. 37(d)(3), 37(b)(2)(A)(i)–(vi). Quantpost requests the Court "prohibit Milanovich from supporting any claims for damages for anything other than $25,000 in claimed wages and alleged wrongful discharge damages of $51,000." (Doc. 73 at 6 (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)).) But trial is not until April 2021, and there is another month of discovery. Given the timing of the present motion and the disputed issues in the case, Milanovich will be given the opportunity to provide a complete response before his damages are forfeited. But, as discussed below, Quantpost is awarded its fees on the present motion.

**B.    Supporting Information**

Quantpost also seeks the underlying materials supporting Milanovich's damage request in in its Interrogatory Nos. 12 and 14 and Request for Production Nos. 10 and 11. (*See* Doc. 68-1 at 17, 18.) In response to these interrogatories, Milanovich cross-references his response to Interrogatory No. 4, which is an 8-page narrative that walks through the factual allegations from the pleadings. (*See id.* at 3–11.) And, in response to the requests for production, Milanovich merely states, "This response will be supplemented," (*id.* at 18–19), though it does not appear that the response to either request was actually supplemented, (*see* Doc. 72-

2).  Quantpost is once again correct in arguing that these responses are inadequate under Rule 26 (requiring disclosure of material underlying damages request) and Rule 33 (requiring separate answers for each interrogatory).  And, under Rule 34, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  Milanovich's responses did neither.  Accordingly, Milanovich must provide the requested information or forfeit his damages claim.  *See Columbia Falls Alum. Co., LLC v. Atl. Richfield Co.*, 2019 WL 3941234, at *3 (D. Mont. 2019) (identifying a page range comprising hundreds of pages of discovery will not suffice).  Fees are also awarded on these grounds.

## II.    Tax Records

Quantpost seeks Milanovich's tax returns, W2s, and 1099s for the years 2015 forward in Request for Production No. 15.  "Tax returns do not enjoy an absolute privilege from discovery."  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  "Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function

properly, to encourage taxpayers to complete and file accurate returns." *Id.*  Thus, courts generally apply "a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns." *A. Farber & Ptn'rs, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006).  A court must find that (1) the returns are relevant and (2) there is a compelling need for them because the information is not otherwise readily obtainable.  *Id.*

Here, Quantpost persuasively argues that tax records that pre-date Milanovich's employment with Quantpost are relevant to his earning capacity and future damages.  And, Milanovich does not appear to dispute the relevancy of those returns that coincide with and post-date his employment.  Thus, the first prong of the test is met as to all five years of returns.  As to the second prong, Quantpost argues that it cannot get the same information elsewhere and Milanovich does not attempt to show that information is otherwise available. Milanovich's tax returns are therefore discoverable.

Contrary to Quantpost's position, however, such records are generally produced subject to a protective order.  *See id*. at 191–92 (explaining that even when the interest in disclosure outweighs privacy interests "the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order").  In light of the parties' inability to come to an agreement on this matter, Milanovich will be required to submit a proposed protective order to the Court.

6

Once a protective order issues, Milanovich is required to disclose his tax records.

## III.   "Right PSI"

Quantpost also seeks information related to "Right PSI," a business
Milanovich owned during the relevant time period, in Requests for Production No.
2, 18, and 19.  Quantpost contends that such information is discoverable insofar as
it relates to Milanovich's status as an employee (as opposed to an independent
contractor), as well as to his earnings and the question of mitigation.  Quantpost
further argues that information related to a previous civil lawsuit involving Right
PSI may be relevant for impeachment purposes.  With the exception of the latter,
the information sought by Quantpost is discoverable.  Milanovich has made his
employment status and earning capacity central to this dispute.  The requested
organizational and financial information bears on those issues (Request Nos. 18
and 19); however, Right PSI's previous lawsuit does not (Request No. 2).
Milanovich is therefore required to produce the former.

## IV.   Facts Supporting Complaint

Finally, Quantpost seeks particular facts that support allegations in the
Second Amended Complaint.  Specifically, Quantpost seeks information about
"promises" Dye allegedly made regarding Quantpost-Chicago, (Doc. 61 at ¶ 32),
work Milanovich performed for Quantpost-Chicago, (*id.* at ¶ 33), and whether
Milanovich "worked diligently" and "performed his work well," (*id.* at ¶ 64).  (*See*

Interrogatories 6 through 8, Doc. 68-1 at 14–15.)  Quantpost argues that neither Milanovich's general narrative of the case nor his reference to 2000-plus documents is a proper disclosure.

Milanovich's response to the present request appears to be that he does not have any more specific information regarding these particular inquiries than that provided in his general narrative.  (*See* Doc. 72 at 6–7 ("All of the facts which pertain to the information sought in Interrogatories 6 – 8 are contained in the response to Interrogatory No. 4 and they are easily discernable from that response.").)  Essentially, Milanovich has chosen to hold the line as to his original responses.  While he is permitted to do so, he is cautioned that any facts he failed to disclose will likely be excluded at trial.

## V.    Attorney Fees and Costs

Quantpost has established that it made a good faith, albeit unsuccessful, effort to obtain disclosure without the Court's intervention.  And, as discussed above, many of Milanovich's responses were not substantially justified.  Nor has he identified circumstances making an award of fees unjust.  Per this Court's September 17, 2020 Order, (*see* Doc. 65), Quantpost filed affidavits requesting $5,555.50 in attorney fees related to the present motion.  (*See* Doc. 71 at ¶ 5; Doc. 74 at ¶ 2.)  Milanovich did not.  Because Quantpost's motion is granted in large part, it is awarded its full fee request.

CONCLUSION

Based on the foregoing, IT IS ORDERED that Quantpost's motion (Doc. 69) is GRANTED as follows:

(1)    On or before November 6, 2020, Milanovich shall provide Quantpost a complete computation of damages as requested in Interrogatory No. 11 and supply the materials supporting his calculation as requested in Interrogatories 12 and 14 and Requests for Production 10 and 11.

(2)    On or before November 6, 2020, Milanovich shall file a proposed protective order addressing the disclosure of his tax returns.  Once that order is issued, Milanovich shall have ten (10) days to disclose those returns to Quantpost as requested in Request for Production No. 15.

(3)    On or before November 9, 2020, Milanovich shall respond to Requests for Production No. 18 and 19 regarding "Right PSI."

(4)    Fees are awarded to Quantpost in the amount of $5,555.50.

The motion is DENIED in all other respects.

DATED this 29th day of October, 2020.

Donald W. Molloy, District Judge
United States District Court

9