IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MILANOVICH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUANTPOST, INC., a Foreign Profit Corporation, and LESTER W. DYE, individually,<br><br>　　　　Defendants. | CV 19–55–BU–DWM<br><br><br><br>ORDER |

　　Defendant Quantpost, Inc. seeks to prevent Plaintiff John Milanovich from admittedly pursuing a new cause of action—specifically, breach of contract for unpaid compensation as an independent contractor—at this stage of the proceeding. (Doc. 103.) The parties were given an opportunity to argue the matter at the final pretrial conference. Having considered both positions, the motion is denied.

　　Milanovich does not dispute that Count II of his Second Amended Complaint, or his breach of contract claim, is limited to the Stock Option Agreements. (*See* Doc. 61 at ¶¶ 55–61.) However, in his statement of the elements of liability regarding Count II in the final pretrial order, Milanovich

1

states: "If the Court or Jury determines Milanovich was not an employee, in the alternative, Quantpost breached its contract to pay Milanovich $25,000.00 for work performed from January, 2019 to May 23, 2019." (Docs. 100, 122 at ¶ V(23).) That order also includes the following factual stipulation, to which both parties agreed: "Quantpost admits it owes Milanovich $25,000 as compensation for services rendered January through May 2019 at the rate of $5,000 per month. It contends that it owes Milanovich as compensation for work performed as an independent contractor, and not as employee wages." (Docs. 100, 122 at ¶ IV(10).) Milanovich therefore seeks to pursue an independent, unpled breach of contract claim for compensation. Because Milanovich admits that this would require amendment of the pleadings, consideration of both Rules 15 and 16 of the Federal Rules of Civil Procedure are required.

     Under Rule 15(a), leave to amend should be granted as a matter of course "when justice so requires." However, once the Court has entered a scheduling order in the case and set an amended pleadings deadline, Rule 16(b)'s "good cause" standard must be addressed first. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Here, the case is undoubtedly in a late stage; amended pleadings were due June 24, 2020, discovery closed December 15, 2020, and motions were due by January 15, 2021. (Docs. 26, 60.) Therefore, Milanovich must show "good cause," which focuses on his diligence. *Johnson*,

975 F.2d at 609. Prejudice to the opposing party, however, is also a relevant consideration. *Id.* Ultimately, Quantpost's stipulation for the jury that it owes Milanovich $25,000 as an independent contractor is good cause to permit Milanovich to amend. It was not until Quantpost stipulated to this fact for instruction to the jury that Milanovich could both maintain his litigation position that he is an "employee" and also potentially recover on the grounds that he was an independent contractor.

Moreover, Rule 15(b) shows that timing alone is not sufficient to bar amendment, as it governs "amendments during and after trial." While trial has not yet occurred here, the parties' final pretrial order contains the stipulated fact above. The jury will be instructed that the fact is to be accepted as true and need not be proven by either party. Under Rule 15(b),

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2). While Quantpost maintains that it does not consent to the present amendment—an objection exemplified by the present motion—its trial stipulation undercuts that position. Quantpost admits that it owes Milanovich $25,000 as either an employee or an independent contractor. But allowing Milanovich to recover under either status would, according to Quantpost, allow

him to have his cake and eat it too despite his steadfast litigation position that he was an "employee." Nevertheless, in stipulating that it owes him the $25,000, Quantpost both baked that cake and served it to him. Though apparently surprised by Milanovich's technical attempt to amend the pleadings in the final pretrial order, the only prejudice to Quantpost would be the payment of damages it admits to owing. The law favors resolution of cases on the merits, not on technical idiosyncrasies of the pleadings. Quantpost takes the extreme technical position that, because he did not overtly plead breach of contract, if Milanovich fails to prove his employment status he is entitled to nothing, not even the $25,000 he is admittedly owed. That is a radical posture to assert in arguing amendment should be disallowed.

Accordingly, IT IS ORDERED that the motion (Doc. 103) is DENIED.

IT IS FURTHER ORDERED that Milanovich's contract claim is AMENDED as outlined in the final pretrial order. If the jury finds that Milanovich is an independent contractor, he is entitled to $25,000 in contract damages in light of Quantpost's stipulation to that effect.

IT IS FURTHER ORDERED that the April 26, 2021 jury trial set to proceed at the Mike Mansfield Federal Courthouse in Butte, Montana is VACATED and RESET for April 26, 2021 at the Russell Smith Federal Courthouse in Missoula, Montana. The parties are reminded that they must be in Chambers at 8:30 a.m.,

trial to commence at 9:00 a.m.

DATED this 16th day of April, 2021.

_____
Donald W. Molloy, District Judge
United States District Court